**In the United States District Court
for the Southern District of Georgia
Brunswick Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| v. | : | |
| MARIO LEVELL CHAPMAN, | : | NO. CR297-036 |

### O R D E R

Defendant, Mario Levell Chapman, a prisoner currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6), seeking relief from the Court's final judgment in the above-styled criminal proceeding. For the following reasons, Chapman's motion will be **DISMISSED**.

### FACTS

Following a jury trial, Chapman was convicted of armed robbery and use of a firearm during the commission of a crime[1]

---

[1] The Court subsequently granted the Government's motion to dismiss the count for use of a firearm during the commission of a crime. See Doc. No. 98.

AO 72A
(Rev. 8/82)

and sentenced to 220 months incarceration. The Eleventh Circuit Court of Appeals affirmed both Chapman's conviction and sentence.

On January 10, 2001, Chapman filed a *habeas corpus* petition pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel and an Apprendi claim. In his petition, Chapman argued, *inter alia*, that his counsel was ineffective due to mental and physical disabilities. Following an evidentiary hearing, the Magistrate Judge recommended that Chapman's petition be denied. After an independent review of the record, the Court overruled Chapman's objections, and denied his § 2255 motion on the merits. The Eleventh Circuit denied Chapman's request for a certificate of appealability and his motion for reconsideration.

On July 23, 2004, the Eleventh Circuit denied Chapman's application for leave to file a successive section 2255 motion. In his application, Chapman sought to raise a claim that the district court violated his Sixth Amendment right to have a jury determine all facts essential to his sentence.

On October 11, 2005, more than three years after the Court denied his § 2255 motion, Chapman has filed the instant Rule 60(b) motion seeking to vacate the Court's denial. Chapman

asserts that the Court failed to consider and/or rule on his claim that defense counsel's physical and mental health resulted in ineffective assistance of counsel during pretrial, trial, and sentencing, as required in Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), reh'g and reh'g en banc denied, 36 F.3d 96 (1994), cert. denied, 513 U.S. 1162, 115 S. Ct. 1127, 130 L.Ed.2d 1089 (1995).

## DISCUSSION

Rule 60(b) vests courts in civil cases with broad discretion to reopen judgments on a wide variety of grounds. See Fed. R. Civ. P. 60(b). The Eleventh Circuit, however, has held that

> [m]ost of the provisions of Rule 60(b) . . . are inconsistent and irreconcilable with the [Antiterrorism and Effective Death Penalty Act of 1996]'s purpose, which is to 'greatly restrict [ ] the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications[.]'

Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1271 (11th Cir. 2004) (en banc), cert. granted, --- U.S. ----, 125 S. Ct. 961, 160 L.Ed.2d 896 (2005)[2] (quoting Tyler v. Cain, 533 U.S.

---

[2] The issue in Gonzalez is whether a Rule 60 motion is the appropriate vehicle to challenge a habeas judgment when there has been "an intervening change in the law applicable to the original [habeas] petition." 366 F.3d at 1263. Thus, the United States Supreme Court's limited grant of certiorari does not affect Chapman's claim in the instant motion.

3

656, 661, 121 S. Ct. 2478, 2481-82, 150 L.Ed.2d 632 (2001)). As a result, Rule 60(b) motions filed to reopen a final habeas judgment are generally "treated as an application to file a second or successive [habeas] petition" and dismissed pursuant to § 2244(b). Gonzalez, 366 F.3d at 1277. The district court has jurisdiction to reopen a judgment in a § 2255 case only when the Rule 60(b) motion is filed to: (1) correct a clerical error, or (2) remedy a fraud upon the court by government agents. Gonzalez, 366 F.3d at 1285-86; see also Post v. United States, 129 Fed. Appx. 565. 567 (11th Cir. 2005).

Chapman does not contend either that there was any clerical error in the final judgment denying him federal habeas relief, or that fraud was used to obtain that judgment. His sole contention is that the judgment was wrong because the Court failed to consider and resolve his claim that he was denied effective assistance of counsel because of counsel's health problems as required in Clisby, 960 F.2d at 925. Thus, Chapman is attacking the correctness of the decision itself. See Gonzalez, 366 F.3d at 1281 ("He is attacking the merits of that decision--the term 'merits' referring to the correctness of the decision itself . . ."). Chapman's Rule 60(b) motion, filed more than three years after the Court denied his § 2255 motion, is an attempt to relitigate a claim that has already

4

been presented in a prior application and rejected. Thus, absent authorization, the Court lacks jurisdiction over Chapman's unauthorized successive section 2255 motion and it must be dismissed under § 2244(b)(1). See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

**CONCLUSION**

For the reasons set forth above, Chapman's motion seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(6) (Doc. No. 211) is **DISMISSED**.

**SO ORDERED**, this 14th day of December, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)