IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-17104-J

IN RE: MARIO LEVELL CHAPMAN,

                                                    Petitioner.

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

Before BIRCH, CARNES and HULL, Circuit Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Mario Level Chapman has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Chapman indicates that he wishes to raise one claim in a second or successive § 2255 motion: his Sixth Amendment right to effective counsel was violated when the district court did not make a ruling on his ineffective assistance of counsel claim raised in his original § 2255 motion. Chapman asserts that his claim relies upon newly discovered evidence. He claims that the newly discovered evidence is Clisby v. Jones, 950 F.2d 925 (11th Cir. 1992), the holding of which he just became aware.

Chapman's application does not allege that there is newly discovered evidence that would establish by clear and convincing evidence that he is not guilty of the underlying offense. See 28 U.S.C. § 2255. The fact that he recently discovered the holding of Clisby is irrelevant. To the extent that he is relying on Clisby as a new rule of law, a decision from this Court cannot support a second or successive habeas petition because the new rule of law must be set forth and made retroactive by the Supreme Court, not by a court of appeals. In re Hill, 113 F.3d 181, 184 (11th Cir. 1997) (successive § 2244 application). Accordingly, Chapman has raised no claim that meets the statutory criteria. To the extent that he is attempting to appeal the findings of the district court on his original § 2255 motion, a successive application is not the proper procedure in which to challenge a district court's ruling on a § 2255 motion.

Accordingly, because Chapman has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby DENIED.

Scott L. Poff
Clerk, U.S. District Court
801 GLOUCESTER ST RM 229
BRUNSWICK GA 31521-7075

---

January 25, 2006

**Appeal Number: 05-17104-J**
Case Style: In Re: Mario Levell Chapman
District Court Number:

CC:   Mario Levell Chapman (9629021)

CC:   Scott L. Poff

CC:   Amy Lee Copeland

CC:   Lisa Godbey Wood

CC:   Administrative File

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk



For rules and forms visit
www.ca11.uscourts.gov

January 25, 2006

MEMORANDUM TO COUNSEL OR PARTIES

**Appeal Number: 05-17104-J**
Case Style: In Re: Mario Levell Chapman
District Court Number:

The enclosed order has been entered.  No further action will be taken in this matter.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Deborah Hall (404) 335-6189

Encl.

DIS-4  (3-2005)